UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| REGINALD JOHNSON, | : | CIVIL NO: 4:12-CV-02588 |
|---|---|---|
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| COMMONWEALTH OF PA, | : | |
| LYCOMING CO. DISTRICT | : | |
| ATTORNEY'S OFFICE, | : | |
| KENNETH A. OSOKOW, ESQ., | : | |
| ERIC R. LINHARDT, | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

This case comes before the court for a statutorily mandated screening review. The plaintiff, Reginald Johnson, complains about the failure of the Lycoming County District Attorney's Office to file a timely brief in his state court action. He names the Commonwealth of Pennsylvania, the Lycoming County District Attorney's Office, the District Attorney, and an Assistant District Attorney as defendants. After reviewing the complaint in accordance with the mandated screening provision in 28 U.S.C. § 1915A, we conclude that it fails to state a claim upon which relief may be granted and that granting Johnson leave to amend would be futile. Accordingly, we recommend that the complaint be dismissed and that the case be closed.

## II. Background and Procedural History.

Johnson, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 case by filing a complaint and an application for leave to proceed *in forma pauperis*. He also filed a motion for the appointment of counsel.[1] Johnson names the Commonwealth of Pennsylvania, the Lycoming County District Attorney's Office, District Attorney Eric R. Linhardt, and Assistant District Attorney Kenneth A. Osokow as defendants, and his claim is based solely on the failure of the Lycoming County District Attorney's Office to file a timely response to a habeas corpus petition that he had filed in state court.

Johnson's allegations are sparse and not entirely clear. He refers to a Notice from the Office of the Prothonotary of the Supreme Court of Pennsylvania, which he attached as an exhibit to his complaint. That Notice, dated February 10, 2012, is addressed to defendant Osokow and provides:

> This letter is an acknowledgment of the receipt of your letter, dated February 9, 2012, stating that no answer will be filed by the Commonwealth. The petitioner averred that the District Attorney's office was served on January 11, 2012 by First Class Mail. Per Pa.R.A.P. 121(e), your response to the petitioner's Petition for Writ of Habeas Corpus was due to be filed on or before January 30, 2012. This office has deemed your response untimely and all but one copy of your letter are being returned to you.

---

[1] By a separate Order, we have granted Johnson's application for leave to proceed *in forma pauperis* and we have denied his motion for the appointment of counsel.

As can be surmised from the Notice, Johnson filed a petition for a writ of habeas corpus in state court. Although Johnson does not allege any facts in his complaint about the nature of his habeas petition, we take judicial notice of the docket and documents filed in his state case before the Pennsylvania Supreme Court.[2] *See Commonwealth v. Johnson,* 24 MM 2012. Those documents reveal that, on January 11, 2012, Johnson filed a petition for a writ of habeas corpus and an application for leave to file original process in the Supreme Court of Pennsylvania. Like his complaint in this case, those documents are sparse and not entirely clear. In those documents, Johnson references cases, which he asserts deal with the denial of

---

[2] The court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). The docket of Johnson's case in the Pennsylvania Supreme Court is publically available on the website of the Pennsylvania courts at http://www.pacourts.us, and the documents filed in Pennsylvania Supreme Court are publically available from that court. Thus, we take judicial notice of the docket and the existence of the documents filed in Johnson's case in the Pennsylvania Supreme Court. *See Wilson v. McVey*, 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008)(taking judicial notice of state-court docket); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)(stating that court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

the right to appeal and trial in absentia, and he asserts that he has a right to appeal his criminal conviction *nunc pro tunc* because his counsel abandoned him on appeal. The docket of the Supreme Court of Pennsylvania reveals that, on May 30, 2012, that court granted his application for leave to file original process but denied his petition for a writ of habeas corpus.

In the current case in this court, Johnson cites Fed.R.Civ.P. 55, alleges that the clerk of court in state court should have entered a default judgment in his favor, and asks this court to enter a default judgment and to award him $7,000,000. Like his factual allegations, his request for relief is not clear, but, in addition to monetary damages, we construe Johnson to be requesting that this court now enter a default judgment in the state court habeas action.

**III. Discussion.**

    **A. Screening of *Pro Se* Complaints—Standard of Review.**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, we are obliged

to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662,

> 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir.2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler, supra*, 578 F.3d at 211. "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir.1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion

to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997).

Additionally, a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679,

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir.2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 10-4710, 2013 WL 57895 at *4 (3d Cir. Jan. 7, 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. Johnson's Complaint Fails to State a Claim Upon Which Relief May Be Granted.

Johnson's complaint is flawed in a host of ways, each of which calls for the dismissal of this action. The distinct and identifiable flaws in the complaint are discussed separately below.

### 1. Any Claim Against the Commonwealth of Pennsylvania Is Barred by the Eleventh Amendment.

Although Johnson does not mention the Commonwealth of Pennsylvania in the body of his complaint, he lists the Commonwealth of Pennsylvania as a defendant in the caption of the complaint. Any claim against the Commonwealth of Pennsylvania, however, is barred by the Eleventh Amendment.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "to stand not so much for what it says, but for the presupposition . . . which it confirms." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)(quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)). That presupposition is that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.* Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam). A state, however, may waive its Eleventh Amendment immunity by consenting to suit, and Congress may abrogate States' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b), and 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Accordingly, any claim against the Commonwealth of Pennsylvania is barred by the Eleventh Amendment.

2. **Johnson Cannot Obtain a Default Judgment in a State Case by Means of a Federal Civil Rights Case.**

We construe the complaint as asking this court to enter a default judgment in connection with Johnson's state habeas petition. To the extent that a default judgment, if granted, would call into question his criminal conviction, Johnson cannot obtain such relief in this action because his claim is barred by the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)(holding that "in

order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Johnson has not alleged that his conviction has been set aside or called into question. Thus, to the extent a default judgment in his state court action would implicate and call into question his conviction, his claim is plainly barred by the favorable-termination rule.

Even assuming that the relief requested by Johnson in this case would not call into question the validity of his criminal conviction, this court still cannot enter a default judgment in a state case. "Under the *Rooker-Feldman* doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). The Pennsylvania Supreme Court denied the plaintiff's petition for a writ of habeas corpus. The plaintiff is now asking this court to reverse that decision and enter a default judgment in connection with his state habeas petition. Other than

in connection with a habeas corpus petition filed pursuant to 28 U.S.C. § 2254, this court does not have subject-matter jurisdiction to reverse a state court decision.

### 3. **Johnson Fails to State a Civil Rights Claim Upon Which Relief May Be Granted**.

Finally, in addition to the reasons discussed above, Johnson's claim fails for other reasons. Most important, Johnson has simply not alleged how the district attorney's failure to file a response to his state habeas petition violated his federal rights. Nor has he alleged how he was prejudiced by the district attorney's failure to file a response, and it is not readily apparent that the district attorney's failure to file a response would prejudice Johnson. In fact, it would seem that the failure of the district attorney to file a response would have made it more likely, rather than less likely, that the state court would have granted Johnson's petition. For these reasons, as well as the reasons discussed above, Johnson's claim fails.[3]

---

[3] Further, although from the Notice issued to defendant Osokow from the Pennsylvania Supreme Court it can be inferred that Osokow wrote a letter to the Pennsylvania Supreme Court stating that no answer will be filed to Johnson's petition, Johnson has not alleged how defendant Lindhart was personally involved in any of the events underlying his claim, and Lindhart cannot be held liable merely because he is the District Attorney of Lycoming County. *See Iqbal*, *supra*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### C. Leave to Amend Would Be Futile.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). If the deficiency with the complaint was that Johnson failed to allege facts to support his claim with sufficient specificity, we would have granted Johnson leave to file an amended complaint. Because, however, the complaint seeks a type of relief—a default judgment in the state court action—which this court simply cannot provide and because the failure of the District Attorney's Office to file a response in Johnson's state court action does not constitute a violation of Johnson's constitutional rights, leave to amend would be futile. Thus, we will recommend that the court dismiss the complaint without granting Johnson leave to amend.

### IV. Recommendations.

Accordingly, for the foregoing reasons, it is recommended that the complaint be dismissed and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of January, 2013.

                                                S/*Susan E. Schwab*
                                                Susan E. Schwab
                                                United States Magistrate Judge